Case: 22-30303    Document: 220    Page: 1    Date Filed: 02/06/2023



**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7224
Washington, DC 20530

Tel: (202) 353-0213

February 6, 2023

VIA CM/ECF

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office Of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

  RE: *Louisiana v. Centers for Disease Control & Prevention*, No. 22-30303 (5th Cir.)

Dear Mr. Cayce:

  This letter is in response to the Court's order of January 30, 2023, directing the parties to address the impact of *Huisha-Huisha v. Mayorkas*, No. 22-5325 (D.C. Cir.).

  This case and *Huisha-Huisha* are interrelated and each has the potential to moot the other. But the appeal in this case was fully briefed before the appeal in *Huisha-Huisha* was filed. Accordingly, the government has previously asked the D.C. Circuit to hold *Huisha-Huisha* in abeyance pending the appeal in this case and did not request abeyance in this case pending *Huisha-Huisha*.

  Regardless of whether abeyance is warranted pending the outcome in *Huisha-Huisha*, abeyance is now warranted in this case on independent grounds. The government recently announced that the Secretary of the Department of Health and

Human Services (HHS) plans to extend his declaration of a public health emergency for COVID-19 only to May 11, 2023, after which the declaration is planned to expire. If that occurs, this case will become moot on May 11, 2023, because the currently operative Title 42 order states that it automatically ends upon the expiration of that declaration, 86 Fed. Reg. 42,828, 42,830 (Aug. 5, 2021). Abeyance would thus conserve this Court's resources and obviate the need to decide the questions presented, including constitutional questions and important questions regarding the Administrative Procedure Act (APA).

### Background regarding *Huisha-Huisha v. Mayorkas*

1. *Huisha-Huisha v. Mayorkas*, No. 22-5325 (D.C. Cir.), concerns challenges brought by a class of family units to both the rule at 42 C.F.R. § 71.40 that establishes the process for CDC's issuance of subregulatory orders under 42 U.S.C. § 265 (referred to as "Title 42 orders"), and the Title 42 orders issued thereunder that have suspended the right of introduction for certain noncitizens due to public health risks arising from COVID-19. Those plaintiffs contend that CDC's Title 42 orders and underlying rule are unlawful and arbitrary and capricious under the APA. *See Huisha-Huisha v. Mayorkas*, No. 21-cv-100 (D.D.C.).

In 2021, the district court granted a preliminary injunction barring enforcement of Title 42 orders against the plaintiff class on the ground that CDC's statutory authority in 42 U.S.C. § 265 does not authorize expulsions. *See Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d 146 (D.D.C. 2021). The government appealed, and the

D.C. Circuit granted a stay of that preliminary injunction pending appeal. The D.C. Circuit subsequently reversed in part, holding that the Title 42 statute likely does authorize expulsions, but that other statutes likely preclude the government from expelling noncitizens to countries where they will be tortured or persecuted. *See Huisha-Huisha v. Mayorkas*, 27 F.4th 718 (D.C. Cir. 2022).

2. Shortly after that D.C. Circuit decision, CDC issued the April 2022 termination order that is the subject of the appeal before this Court. That termination order found that suspension of the right of introduction for certain noncitizens was no longer required in the interest of public health because of the current state of the pandemic and the availability of less drastic mitigation measures. The order therefore terminated all prior Title 42 orders that suspended the right of introduction for certain noncitizens, with an effective date in May 2022. A group of States brought several claims in this suit in the Western District of Louisiana. The district court granted a preliminary injunction barring enforcement of the termination in May 2022 based solely on the claim that CDC was likely required to undergo notice-and-comment rulemaking to issue such a termination. The government appealed to this Court. *See* Government Opening Br. 9-16.

3. Meanwhile, on remand from the D.C. Circuit, the *Huisha-Huisha* plaintiffs moved for partial summary judgment on their claims that CDC's Title 42 orders and underlying rule were arbitrary and capricious under the APA, and in particular that CDC's decision to issue a new Title 42 order in August 2021 had been arbitrary. The

3

*Huisha-Huisha* plaintiffs claimed that they needed relief because the Western District of Louisiana's preliminary injunction against the termination order in this case caused "the August 2021 CDC Order … [to] remain[] in effect" and thousands of "Class Members [to be] expelled." Plaintiffs' Motion for Partial Summary Judgment at 9-10, No. 21-cv-100 (D.D.C. Aug. 15, 2022), Dkt. 144-1. The government opposed on numerous grounds, including that CDC's orders were reasonable at the time they were issued, that the "government is actively pursuing its appeal of the preliminary injunction in the U.S. Court of Appeals for the Fifth Circuit," and that the plaintiff class action should not "short-circuit the separate appellate process in the Fifth Circuit." Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment at 9-11, 45, No. 21-cv-100 (D.D.C. Aug. 31, 2022), Dkt. 147. In a surreply, the government also argued that a vacatur order was inappropriate at that stage of the case. *See* Defendants' Surreply in Opposition to Plaintiffs' Motion for Partial Summary Judgment, No. 21-cv-100 (D.D.C. Sept. 22, 2022), Dkt. 157-1.

    4. On November 15, 2022, the district court for the District of Columbia issued an order vacating nationwide all prior Title 42 orders and the underlying rule at 42 C.F.R. § 71.40 as arbitrary and capricious. *Huisha-Huisha v. Mayorkas*, No. 21-cv-100, 2022 WL 16948610, at *16 (D.D.C. Nov. 15, 2022). The court also enjoined the government from applying any Title 42 order to the plaintiff class of family units. *Id.* Faced with the prospect of an abrupt end to the Title 42 orders without an orderly transition, the government sought a temporary stay of the district court's order for

4

five weeks, until December 21, 2022, to allow a "transition period" that "is critical to ensuring that" the Department of Homeland Security "can … conduct its border operations in an orderly fashion." Unopposed Emergency Motion for Temporary Stay at 3, No. 21-cv-100 (D.D.C. Nov. 15, 2022), Dkt. 166.  The government did not move for an emergency stay pending appeal because, as explained in CDC's termination order, CDC had already determined that continued application of its Title 42 order was no longer necessary to protect the public health.  The *Huisha-Huisha* plaintiffs did not oppose the government's request for a five-week stay.  The district court granted the temporary stay only with "great reluctance." *See* Minute Order, No. 21-cv-100 (D.D.C. Nov. 16, 2022) (capitalization altered).  The government thereafter filed a notice of appeal on December 7, 2022.

5.  Meanwhile, some of the State plaintiffs in this case moved to intervene in the *Huisha-Huisha* district court and moved for a stay of the *Huisha-Huisha* judgment.  The district court denied the stay and deferred consideration of the States' intervention motion.  The States then sought to intervene in the court of appeals.  In a unanimous order, the D.C. Circuit denied the States' intervention request based on "the inordinate and unexplained untimeliness of the States' motion."  Order at 2, No. 22-5325 (D.C. Cir. Dec. 16, 2022).

The States thereafter sought certiorari in the Supreme Court and applied for a stay of the *Huisha-Huisha* judgment pending certiorari.  The Supreme Court granted a stay that "precludes giving effect to the District Court order setting aside and vacating

the Title 42 policy," but "does not prevent the federal government from taking any action with respect to that policy." *Arizona v. Mayorkas*, 143 S. Ct. 478, 478 (2022). The Supreme Court also granted certiorari limited to the question "[w]hether the State applicants may intervene." *Id.* Briefing in the Supreme Court will be complete in February 2023 and argument is scheduled to be held on March 1, 2023.

      6. The government subsequently asked the D.C. Circuit to hold the *Huisha-Huisha* appeal in abeyance pending the government's appeal in this Court, the Supreme Court's decision regarding the States' intervention motion, and a new rulemaking that CDC plans to undertake to reconsider the process for issuing Title 42 orders. *See* Motion to Hold Case in Abeyance, No. 22-5325 (D.C. Cir. Jan. 9, 2023). The *Huisha-Huisha* plaintiffs opposed abeyance pending the rulemaking and this Court's decision in this case, but not pending the Supreme Court's decision. The D.C. Circuit ordered the appeal to be held in abeyance pending the Supreme Court's disposition of *Arizona v. Mayorkas* and directed the parties to file motions to govern further proceedings after that disposition. Order, No. 22-5325 (D.C. Cir. Jan. 20, 2023).

## Discussion

1. This case and *Huisha-Huisha* are interrelated, and each can moot the other. If the *Huisha-Huisha* district court's judgment becomes final following appellate proceedings, then all Title 42 orders will be vacated. That would clearly moot the States' challenge to CDC's termination of those same orders in this case.

This appeal also has the potential to moot the *Huisha-Huisha* case. If this Court vacates the district court's preliminary injunction barring enforcement of CDC's April 2022 termination because CDC properly ended those emergency orders without notice and comment, the *Huisha-Huisha* case could become moot, depending on whether the district court in this case subsequently enjoins the termination order on a different ground and the outcome of any subsequent appeal. Given that potential effect, as well as the fact that this appeal was filed earlier and was already fully briefed, the government asked the D.C. Circuit to hold *Huisha-Huisha* in abeyance pending this Court's review; but the D.C. Circuit so far has granted abeyance only pending the Supreme Court's decision as to whether the States may intervene.

2. Regardless of whether the pendency of *Huisha-Huisha* warrants abeyance, however, this Court should hold this appeal in abeyance because the government recently announced that the Secretary of Health and Human Services plans to extend his declaration of a public health emergency for COVID-19 only to May 11, 2023, after which the declaration is planned to expire. Expiration of that declaration would result in the automatic termination of the currently operative Title 42 order and moot

7

this litigation. *See* 86 Fed. Reg. at 42,830; *Trump v. International Refugee Assistance*, 138 S. Ct. 353, 353 (2017).

The Secretary's declaration of a public health emergency is authorized under 42 U.S.C. § 247d. Such a declaration has a variety of legal consequences. On January 30, 2023, in response to a pending bill that would immediately terminate both the public health emergency and a separate COVID-19 national emergency declared by the President, the Office of Management and Budget (OMB) issued a statement opposing such an immediate termination but announcing that "[a]t present, the Administration's plan is to extend the emergency declarations to May 11, and then end both emergencies on that date." OMB, *Statement of Administration Policy* 1 (Jan. 30, 2023), https://www.whitehouse.gov/wp-content/uploads/2023/01/SAP-H.R.-382-H.J.-Res.-7.pdf.

By its terms, the Title 42 order that is currently in effect due to the district court's injunction will terminate upon "the expiration of the Secretary of HHS' declaration that COVID-19 constitutes a public health emergency." 86 Fed. Reg. at 42,830. If the public health emergency declaration expires on May 11, 2023, the Title 42 order will have "expired by its own terms," and this suit challenging CDC's termination of the order will "no longer present[] a 'live case or controversy'" as of that date. *International Refugee Assistance*, 138 S. Ct. at 353 (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). The anticipated end of the public health emergency on May 11 would therefore moot the case absent further developments, at which point vacatur of

8

the district court decision would be appropriate under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).

Abeyance is warranted in light of the foregoing considerations as well as the interplay of the pending litigation and the recent developments. Oral argument before the Supreme Court is scheduled for March 1, and delaying this Court's adjudication would give time for the Supreme Court to take account of the recent developments. Abeyance would also conserve this Court's resources and may eliminate the need to decide the questions presented in this case, including constitutional questions and potentially far-reaching questions regarding application of the good-cause and foreign-affairs exceptions to notice-and-comment rulemaking when an agency terminates an emergency order that requires cooperation of foreign governments to operate.

Respectfully Submitted,

s/ *Joshua Dos Santos*
Joshua Dos Santos
U.S. Department of Justice
Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record