

February 08, 2023

*Via CM/ECF*

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office Of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re: *Louisiana v. CDC*, No. 22-30303

Dear Mr. Cayce,

      Proposed Intervenor and Appellant Innovation Law Lab (hereinafter "Law Lab") files this letter in response to the Court's January 30, 2023 order directing the parties to file letter briefs addressing what effect, if any, *Huisha Huisha v. Mayorkas*, No. 22-5325 (D.C. Cir.) (which is currently pending before the Supreme Court as *Arizona v. Mayorkas*, No. 22-592), has on this case, and whether this case should be held in abeyance pending the outcome in *Huisha*.[1]

---

[1] Law Lab files its responsive letter brief two days after the deadline listed in the Court's January 30, 2023 order. Because that order was addressed only to counsel for the States and counsel for Federal Defendants, with counsel for Law Lab listed in the copy line, Law Lab mistakenly believed the Court was inviting the States and Federal Defendants only to file a supplemental letter brief.

Law Lab's appeal of the district court's denial of its motion to intervene should not be held in abeyance pending *Huisha*.[2] First, Law Lab's appeal seeks in part to correct the district court's error in denying its motion to intervene. That issue warrants this Court's timely review, despite the fact that the underlying dispute could be rendered moot by *Huisha*. Law Lab and Federal Defendants bring separate and distinct appeals before this Court. Whereas Federal Defendants, who are also defendants in *Huisha,* challenge the States' standing to bring this case and the propriety of the preliminary injunction blocking the Title 42 Termination Order, Federal Defendants' Opening Brief at 4, Law Lab's appeal squarely concerns the district court's denial of its motion to intervene and the nationwide scope of the preliminary injunction, Law Lab's Opening Brief at 2. Both the States and Federal Defendants opposed Law Lab's intervention motion in the district court, and they oppose Law Lab's appeal before this Court. Federal Defendants' Response to Law Lab's Opening Brief at 2; States' Consolidated Answering Brief at 92. Resolution of Law Lab's appeal is time-sensitive, particularly where it is unclear *when* this case could become moot, and where ongoing district court proceedings continue to impair Law Lab's ability to protect its interests.

---

[2] Law Lab, which is not a party to Federal Defendants' appeal, takes no position as to whether Federal Defendants' appeal in this case should be held in abeyance pending the outcome in *Huisha*.

Second, while no one can predict the outcome of the *Huisha* decision, the question on which the Supreme Court granted certiorari and the procedural posture of that case already make clear that its decision will not be dispositive of Law Lab's appeal in this case. In *Huisha*, the predominant intervention factor at issue is timeliness, whereas here it is whether Federal Defendants adequately represent Law Lab's interests.

Because of Law Lab's interest in vindicating its right to intervene in this case as soon as possible, irrespective of whether this case may become moot depending on how the Supreme Court rules in *Huisha* or some other event, and because the Supreme Court's resolution of *Huisha* will not be dispositive of the outcome of Law Lab's appeal in this case, Law Lab's appeal of the district court's denial of its intervention motion should not be held in abeyance.

I. **Law Lab Seeks Timely Resolution of its Intervention Appeal Irrespective of Possible Future Mootness in this Case**.

Law Lab seeks to vindicate before this Court its right to intervene under Federal Rule of Civil Procedure ("FRCP") Rule 24. As Law Lab has briefed at length, it has legally protectable interests in this case because the district court's nationwide preliminary injunction frustrates Law Lab's organizational mission to advance migrant and refugee justice, and the nationwide preliminary injunction has forced it to divert significant resources from its mission-driven programming to meet the needs of individuals directly impacted by Title 42. Law Lab's Opening Brief at

18-19. This case has already impaired Law Lab's ability to protect these interests. *Id.* at 19-20.

Law Lab is acutely invested in having its right to intervene in this case adjudicated as soon as possible. While the outcome in *Huisha* may someday have the effect of mooting this case, when that could possibly happen is pure speculation.

Federal Defendants posit that "the *Huisha-Huisha* district court's judgment [could] become[] final following appellate proceedings," which would render all Title 42 orders vacated, and this case moot. Federal Defendants' letter brief at 7. But Federal Defendants do not specify *which Huisha* appellate proceedings could result in the district court's judgment becoming final. As Federal Defendants noted, the Supreme Court granted certiorari limited to the question "[w]hether the State applicants may intervene." *Arizona v. Mayorkas*, 143 S. Ct. 478(2022). The Supreme Court's resolution of that question will determine whether the proposed state intervenors may intervene in that case. If the Supreme Court rules for the proposed state intervenors, the case could essentially begin anew before the district court. Even if the Supreme Court denies the proposed state intervenors' appeal, the federal government's appeal of the district court order vacating the Title 42 orders will still be pending before the U.S. Court of Appeals for the D.C. Circuit. Notice of Appeal, *Huisha-Huisha v. Mayorkas*, No. 22-5325 (D.C. Cir. Dec. 09, 2022). That appeal would have to be resolved before the district court order vacating Title 42 becomes

4

final. This Court could undoubtedly resolve Law Lab's appeal long before then. Thus, when exactly *Huisha* could possibly moot this case is at most an open question that does not, without more, warrant indefinitely postponing Law Lab's ability to vindicate its rights to intervene in this case.

Moreover, Law Lab is particularly invested in this Court's timely resolution of its intervention question as district court proceedings on substantive issues in this case have continued, and are likely to continue, during the pendency of this appeal. *See, e.g.,* Plaintiff States' Motion for Order to Show Cause, ECF No. 160. Moreover, the States' admission that "one or more States are likely to challenge" future events that would have the effect of terminating Title 42, States' Letter Brief at 5, and the likelihood that such a future challenge would occur within the jurisdiction of this Circuit Court,[3] counsel in favor of resolving the intervention questions here, which are likely to reappear in the near future.

## II. The Supreme Court's Resolution of *Arizona v. Mayorkas* is Unlikely to Determine the Outcome of Law Lab's Appeal.

---

[3] As the federal government recently noted in a separate case, the States have a practice of filing most of their lawsuits against the federal government in single-judge divisions or divisions within this Circuit Court where they are almost always guaranteed a particular judge assignment. Motion to Transfer at 18, *Texas v. DHS*, No. 23-cv-0007 (S.D. Tex. Jan. 26, 2023), (citing Appendix A, Brief of Professor Stephen I. Vladeck As Amicus Curiae, *United States v. Texas*, No. 22-58 (Sept. 19, 2022) (noting 20 such lawsuits in Texas courts in 2021 and 2022 up to September 19, 2022), *available at* https://www.supremecourt.gov/DocketPDF/22/22-58/238509/20220922104355438_22-58%20tsac%20Vladeck%20revised.pdf.)

While on its face, the intervention question posed in *Arizona* is related to the subject of Law Lab's appeal of the district court's denial of its intervention motion, resolution of *Arizona* is unlikely to control the outcome of Law Lab's appeal in this case. The D.C. Circuit denied the States' intervention request based on "the inordinate and unexplained untimeliness of the States' motion." Order at 2, No. 22-5325 (D.C. Cir. Dec. 16, 2022). The majority of the parties' briefing is related to timeliness. Petitioners' Brief; Respondents' Brief; Federal Respondents' Brief, *Arizona v. Mayorkas*, No. 22-592. Thus, the Supreme Court decision in that case is likely to hinge on the timeliness factor of FRCP Rule 24 intervention. In this case, Law Lab's motion for intervention was unquestionably timely—an issue no party nor the district court contested.

Thus, because of the time-sensitive nature of this Court's resolution of Law Lab's intervention motion irrespective of any possible future mootness wrought by *Huisha* or some other event, and because resolution of *Huisha* will not be dispositive of the outcome of Law Lab's appeal, this case should not be held in abeyance.

        Respectfully submitted,

        */s/ Monika Y. Langarica*
        Monika Y. Langarica
        Ahilan Arulanantham
        Talia Inlender
        *UCLA Center for Immigration Law and Policy*
        *385 Charles E. Young Dr. E., Box 951476*
        *Los Angeles, CA 90095*
        *(310) 983-3345*

Matthew S. Vogel
Sirine Shebaya
Joseph Meyers
Victoria Neilson
*National Immigration Project*
*of the National Lawyers Guild*
*2201 Wisconsin Ave NW, Ste. 200*
*Washington, DC 20007*
*(504) 264-3613*

Eric B. Wolff
Laura Hill
Breanna Phillips
*Perkins Coie LLP*
*1201 3rd Ave. Ste. 4900*
*Seattle, WA 98101*
*(206) 359-8000*