

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7224
Washington, DC 20530

Tel: (202) 353-0213

February 10, 2023

VIA CM/ECF

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office Of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

    RE:   *Louisiana v. Centers for Disease Control & Prevention*, No. 22-30303 (5th Cir.)

Dear Mr. Cayce:

The government respectfully submits this response to the States' letter regarding the government's brief in *Arizona v. Mayorkas*, No. 22-592 (S. Ct.).

As the government's supplemental brief explained, if the public health emergency declaration regarding COVID-19 expires on May 11, the currently operative Title 42 order would end by its terms and this case would become moot. The government's brief in *Arizona v. Mayorkas* explained (at 12) that the same result would occur in *Huisha-Huisha*, and that, if "the underlying case" becomes "moot," the Supreme Court should resolve the intervention dispute by applying the *Munsingwear* doctrine and vacating the D.C. Circuit's order denying intervention. The government's representations regarding the possibility of mootness have been the

same in each court, and those are the "recent developments" that the government's supplemental brief said (at 9) the Supreme Court might consider.

The States also assert that expiration of the public health emergency declaration would, in their view, likely violate the Administrative Procedure Act. But the States do not contest that this case and *Huisha-Huisha* would become moot upon the proper expiration of that declaration (which has numerous legal effects separate from any effect on this case). And the States have conceded that when an action "expire[s] automatically," "no notice-and-comment compliance would be required." States' Br. 73-74. Any different arguments are premature and do not make it improper for the government to suggest that abeyance is appropriate pending possible mootness.

                                                    Respectfully Submitted,

                                                    s/ *Sharon Swingle*
                                                    Sharon Swingle
                                                    U.S. Department of Justice
                                                    Appellate Staff, Civil Division

cc (via CM/ECF):  Counsel of Record

## CERTIFICATE OF COMPLIANCE

This letter complies with the word count limitation of Fed. R. App. 28(j), as its body contains 236 words as automatically totaled by Microsoft Word.

*s/ Sharon Swingle*
SHARON SWINGLE
