Case No. 22-30303

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

State of Louisiana; State of Arizona; State of Missouri; State of West Virginia; State of South Carolina, *et al.*,
*Plaintiffs-Appellees*,

v.

Centers for Disease Control and Prevention; Rochelle Walensky; United States Department of Health and Human Services; Xavier Becerra; United States Department of Homeland Security, *et al.*,
*Defendants-Appellants*,

v.

Innovation Law Lab,
*Movant-Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MOVANT-APPELLANT INNOVATION LAW LAB'S RESPONSE IN SUPPORT OF THE FEDERAL GOVERNMENT'S MOTION TO VACATE THE PRELIMINARY INJUNCTION AND REMAND WITH INSTRUCTIONS TO DISMISS AS MOOT, OR ALTERNATIVELY, IF THE CASE CONTINUES, IN OPPOSITION TO THE DISMISSAL OF LAW LAB'S APPEAL OF THE DISTRICT COURT'S DENIAL OF ITS MOTION TO INTERVENE**

*Monika Y. Langarica, Ahilan Arulanantham, Talia Inlender*
*UCLA Center for Immigration Law and Policy*
*385 Charles E. Young Dr. E., Box 951476 Los Angeles, CA 90095*
*(310) 983-3345*

*Matthew S. Vogel, Victoria Neilson*
*[Continued on next page]*

*National Immigration Project of the National Lawyers Guild*
*2201 Wisconsin Ave NW, Ste. 200 Washington, DC 20007*
*(504) 264-3613*

*Eric B. Wolff, Laura Hill, Breanna Philips*
*Perkins Coie LLP*
*1201 3rd Ave. Ste. 4900, Seattle, WA 98101*
*(206) 359-8000*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

BACKGROUND ....................................................................................................... 1

ARGUMENT ............................................................................................................. 2

I.　The Court Should Vacate the Preliminary Injunction and Remand the Case with Instructions to Dismiss It as Moot .............................................. 2

II.　If the Court Does Not Vacate the Preliminary Injunction and Remand the Case with Instructions to Dismiss It as Moot, Law Lab Would Object to Dismissal of Its Appeal of the District Court's Denial of Its Motion to Intervene ................................................................... 3

CONCLUSION .......................................................................................................... 5

CERTIFICATE OF SERVICE .................................................................................. 7

CERTIFICATE OF COMPLIANCE ........................................................................ 8

# TABLE OF AUTHORITIES

### Cases

*Arizona v. Mayorkas*, No. 22-592, (U.S. May 18, 2023) .................................1, 3, 4

*Sierra Club v. Epsy*, 18 F.3d 1202 (5th Cir. 1994)......................................................5

*Texas v. United States*, 805 F.3d 653, 657 (2015);....................................................5

### Statutes

42 U.S.C. § 265 ......................................................................................................3, 5

### Rules

Federal Rule of Civil Procedure 24(a)(2)....................................................................4

## INTRODUCTION

Innovation Law Lab ("Law Lab") files this response in support of Federal Defendants' motion to vacate the preliminary injunction and remand the case for the district court to dismiss it as moot in light of the Centers for Disease Control and Prevention's ("CDC") declaration of the end of the COVID-19 public health emergency and expiration of the Title 42 order. To the extent that any doubt remained as to the mootness of this case, it has been resolved by the Supreme Court's order in *Arizona v. Mayorkas*, No. 22-592, (U.S. May 18, 2023) agreeing with Federal Defendants that an appeal involving a challenge to the Title 42 order is moot.[1]

If the Court nevertheless permits this case to continue, Law Lab opposes dismissal of its appeal of the district court's denial of its motion to intervene so that it may protect its rights in the underlying case.

## BACKGROUND

Law Lab is a legal services organization that provides services to noncitizens along the border, as well as in other regions in the United States. From the inception of Federal Defendants' Title 42 program, which expelled noncitizens purportedly based on the COVID-19 public health crisis, Law Lab's mission has been thwarted because it has not been able to provide representation to asylum seekers and other noncitizens who would otherwise have entered the United States. *See* Law Lab Opening Br., Dkt. 92, at 14-15. Additionally, Law Lab has had to divert resources

---

[1] The Supreme Court's decision is available at https://www.supremecourt.gov/opinions/22pdf/22-592_5hd5.pdf, and at Dkt. 262-2.

from its core work serving noncitizens in the United States to attempt to reach noncitizens who were stranded in Mexico pursuant to the U.S. government's implementation of Title 42. *Id.*

Following the issuance of a nationwide temporary restraining order by the United States District Court for the Western District of Louisiana which required Federal Defendants to continue enforcing Title 42 in all border states, Law Lab sought to intervene in this case to make the discrete argument that any injunction issued should be limited in geographic scope to the states that are parties to this litigation. *See id.* at 9. Law Lab provides legal services in California and New Mexico, which are border states that are not parties to this litigation; Law Lab contends that it was legal error for the District Court to issue an injunction whose scope exceeded the interests of the Plaintiff States.

The District Court denied Law Lab's motion to intervene as well as Law Lab's motion to amend the injunction. *Id*. Law Lab appealed those decisions to the Fifth Circuit and filed a motion seeking to stay the nationwide scope of the preliminary injunction in this case. *See* Law Lab App, Dkt. 10; Law Lab Stay Mot., Dkt. 36.

## ARGUMENT

I. **The Court Should Vacate the Preliminary Injunction and Remand the Case with Instructions to Dismiss It as Moot.**

For the reasons set forth in Federal Defendants' motion to dismiss, Law Lab agrees that the expiration of the Title 42 order requires vacatur of the preliminary injunction and moots this case. *See* Govt's Mot. to Dismiss, Dkt. 253, at 7-14. There

2

can be no question as to the correctness of that position in light of the Supreme Court's May 18, 2023 decision in *Arizona v. Mayorkas*, holding an appeal involving a challenge to the Title 42 order is moot. With the CDC's official declaration of the end of the COVID-19 public health emergency on May 11, 2023, there is no longer any legal basis for expulsions at the border pursuant to 42 U.S.C. § 265 (authorizing "suspension of entries" into the United States only during a declared public health emergency). As Federal Defendants state in their motion, beginning on May 12, the government began processing noncitizens at the border pursuant to Title 8 of the U.S. Code rather than Title 42. *See* Govt's Mot. to Dismiss, Dkt. 253, at 7.

Throughout this litigation, Law Lab has supported Federal Defendants' position that it should be permitted to end Title 42, in addition to arguing that the District Court erred in issuing a nationwide injunction. With the resumption of processing noncitizens pursuant to Title 8 of the U.S. Code, the Title 42 order no longer interferes with Law Lab's ability to provide legal information and services to asylum seekers and other noncitizens in the United States. If this Court grants Federal Defendants' motion to dismiss in its entirety, as it should, Law Lab's interest in the case will be resolved.

II. **If the Court Does Not Vacate the Preliminary Injunction and Remand the Case with Instructions to Dismiss It as Moot, Law Lab Would Object to Dismissal of Its Appeal of the District Court's Denial of Its Motion to Intervene.**

In light of the expiration of the Title 42 order and the Supreme Court's decision in *Arizona v. Mayorkas*, Law Lab cannot think of a theory under which Plaintiff States would be able to continue litigating this case. Nevertheless, Plaintiff

3

States—except Arizona—oppose Federal Defendants' motion. *See* Govt's Mot. to Dismiss, Dkt. 253, at 14. Should the Court accept Plaintiff States' arguments and allow the case to continue, Law Lab strongly objects to the dismissal of its appeal of the district court's denial of its motion to intervene. Indeed, if the case moves forward, this Court can and should resolve the error in the district court's denial of Law Lab's intervention so that it may protect its rights in any ongoing proceedings.

The district court's denial of Law Lab's intervention as of right is plainly contrary to Federal Rule of Civil Procedure 24(a)(2) and governing Fifth Circuit law. *See* Law Lab Opening Br., Dkt. 92, at 16-24; Law Lab Reply Br., Dkt, 180, at 4-17. As previously argued, Law Lab has a unique interest that Federal Defendants have refused to protect—ensuring any injunction runs only in the Plaintiff States. Neither party suggests that Federal Defendants will ever seek a narrowed injunction that applies only to Plaintiff States in this case. And neither party can credibly claim that Law Lab's interests in serving people seeking asylum in California and New Mexico are not impaired by the injunction's nationwide scope. In short, Law Lab has exactly the sort of interest that Federal Rule of Civil Procedure 24(a)(2) was designed to protect, and that this Court has previously found merits intervention as of right. *See Texas v. United States*, 805 F.3d 653, 657 (2015); *Sierra Club v. Epsy*, 18 F.3d 1202 (5th Cir. 1994). *See* Law Lab Opening Br., Dkt. 92, at 16-24. The district court's failure to allow intervention is reversible error. If the case is permitted to continue, this Court can and should resolve that error now, so that Law Lab may protect its interests in any ongoing proceedings, as is its right.

## CONCLUSION

Federal Defendants' use of Title 42 to prevent noncitizens from entering the United States at the U.S.-Mexico border, and to summarily expel those who enter unlawfully, has thwarted Law Lab's mission and forced it to redirect scarce resources to respond to this substantial change in border policy. Law Lab welcomes the CDC's official end of the declaration of the COVID-19 public health crisis, and along with it, the end of processing noncitizens at the border pursuant to 42 U.S.C. § 265. This Court should vacate the preliminary injunction and remand the case to the District Court with instructions to dismiss the case as moot, for the reasons laid out above and in Federal Defendants' motion. If this Court nevertheless permits this case to continue, then it should favorably resolve Law Lab's appeal of the district court's denial of its motion to intervene, so that Law Lab may protect its rights in any underlying proceedings.

Dated: May 19, 2023        Respectfully Submitted,

Monika Y. Langarica
Ahilan Arulanantham
Talia Inlender
UCLA Center for Immigration Law and Policy
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
(310) 983-3345

*/s/ Matthew S. Vogel*
Matthew S. Vogel*
Victoria Neilson
National Immigration Project
of the National Lawyers Guild

2201 Wisconsin Ave NW, Ste. 200
Washington, DC 20007
(504) 264-3613

Eric B. Wolff
Laura Hill
Breanna Phillips
Perkins Coie LLP
1201 3rd Ave. Ste. 4900
Seattle, WA 98101
(206) 359-8000

*Counsel for Innovation Law Lab*

* Not admitted in DC; working remotely from and admitted in Louisiana only.

## CERTIFICATE OF SERVICE

  I, Matthew S. Vogel, hereby certify that on May 19, 2023, I caused the foregoing **RESPONSE IN SUPPORT OF THE FEDERAL GOVERNMENT'S MOTION** to be electronically filed with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit via the CM/ECF system, which will send a notice of this filing to counsel for Defendants-Appellants and Plaintiffs-Appellees.

       <u>/s/ Matthew S. Vogel</u>
       Matthew S. Vogel*
       National Immigration Project
       of the National Lawyers Guild
       2201 Wisconsin Ave NW, Ste. 200
       Washington, DC 20007
       (504) 264-3613

       *Counsel for Innovation Law Lab*

\* Not admitted in DC; working remotely from and admitted in Louisiana only.

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d), I hereby certify the following:

1. The foregoing response complies with the word-count limitations of Rule 27(d)(2). The motion contains 1,290 words according to the Microsoft Word word-counting function, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 32(f).

2. The foregoing response complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E). The response was prepared in a proportionately spaced typeface using the 14-point Times New Roman font in Microsoft Word.

Dated: May 19, 2023

*/s/ Matthew S. Vogel*
Matthew S. Vogel*
National Immigration Project
of the National Lawyers Guild
2201 Wisconsin Ave NW, Ste. 200
Washington, DC 20007
(504) 264-3613

*Counsel for Innovation Law Lab*

\* Not admitted in DC; working remotely from and admitted in Louisiana only.